2020 IL App (1st) 172848-U
Order filed: June 26, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-17-2848

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 97 CR 10247 |
| RONALD HAYES, | ) ) | Honorable Vincent M. Gaughan, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*: First-stage dismissal of defendant's postconviction petition is reversed, where defendant's assertion—that an aggregate 80-year sentence imposed upon him for crimes committed when he was 18 years old violated the proportionate penalties clause—was not frivolous or patently without merit.

¶ 2    Defendant-appellant, Ronald Hayes, was found guilty of—*inter alia*—first degree murder, and was sentenced to a total of 80 years in prison for crimes he committed when he was 18 years old. Defendant's convictions and sentence were affirmed on direct appeal, and he thereafter filed a postconviction petition asserting—*inter alia*—that his sentence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, Art. I, § 11). That petition was

dismissed by the trial court at the first stage. For the following reasons, we reverse and remand for further proceedings.[1]

¶ 3     Defendant was charged by indictment with, *inter alia*, the October 31, 1996, murder of DeMarco Lofton, the attempted murder of Shamika Boykin, and the armed robbery of both victims. Following a jury trial, defendant was found guilty of murder, attempted murder, armed robbery, aggravated vehicular hijacking, and aggravated battery with a firearm. Following a sentencing hearing, the trial court merged some of the convictions and sentenced petitioner to 60 years' imprisonment for murder, a consecutive sentence of 20 years' imprisonment for attempted murder, and a concurrent sentence of 15 years' imprisonment for armed robbery, for a total aggregate sentence of 80 years' imprisonment. Defendant would be eligible for day for day credit against that sentence.

¶ 4     On direct appeal, defendant's convictions and sentences were affirmed. *People v. Hayes*, 319 Ill. App. 3d 810 (2001).

¶ 5     On May 16, 2017, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1, *et seq.* (West 2016)).[2] Therein, defendant asserted that, as applied to him, it was a violation of the proportionate penalties clause of the Illinois Constitution for the trial court to impose a *de facto* life sentence upon defendant for crimes he committed when he was 18 years old. In support of this argument, defendant's petition asserted that his sentence amounted to a *de facto* life sentence, as he would not be eligible for parole until

_____

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

[2] Although styled as a petition for leave to file a successive postconviction petition, it is undisputed that the trial court properly treated this pleading as defendant's initial postconviction petition.

he had served least 40 years, when he was 58 years old. He further contended that such a sentence violated the proportionate penalties clause of the Illinois Constitution, where he was only 18 at the time of the offenses, "neuroscience research suggests that the human brain's capacity to govern risk and reward is not fully developed until the age of 25," the trial court failed to consider defendant's "age, family support and education in sentencing," and the sentence therefore failed to properly account for his relative youth and rehabilitative potential.

¶ 6　On July 20, 2017, the trial court entered a written order dismissing defendant's postconviction petition at the first stage. The trial court explained its decision by noting that defendant was not a juvenile at the time he committed his offenses, and further concluding that defendant was not actually sentenced to a *de facto* life sentence. Defendant now appeals.

¶ 7　On appeal, defendant contends that the trial court erred in dismissing his petition at the first stage because he sufficiently stated an as-applied challenge to his sentence under the proportionate penalties clause of the Illinois Constitution. We agree.

¶ 8　The Act "provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated at trial or sentencing." *People v. Dupree*, 2018 IL 122307, ¶ 28. At the first stage of a postconviction proceeding, the trial court independently reviews the defendant's petition, taking the allegations as true, and determines if it is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). If the petition is not dismissed at the first stage it advances to the second stage. 725 ILCS 5/122-5 (West 2016). At the second stage, the defendant must make a substantial showing of a deprivation of constitutional rights or the petition is dismissed. *Dupree*, 2018 IL 122307, ¶ 28. If such a showing is made, the postconviction petition advances to the third stage where the court conducts an evidentiary hearing. 725 ILCS 5/122–6 (West 2016).

¶ 9    A petition is frivolous or patently without merit if it " 'has no arguable basis *** in law or in fact.' " *People v. Papaleo*, 2016 IL App (1st) 150947, ¶ 19 (quoting *Hodges*, 234 Ill. 2d 1, 11–12 (2009)). A petition has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or a fanciful factual allegation. *Hodges,* 234 Ill. 2d at 16. "A legal theory is 'indisputably meritless' if it is 'completely contradicted by the record,' and a factual allegation is 'fanciful' if it is 'fantastic or delusional.' " *Papaleo*, 2016 IL App (1st) 150947, ¶ 19 (quoting *Hodges*, 234 Ill. 2d at 16–17(2009)). We review the first-stage dismissal of a postconviction petition *de novo*. *People v. Williams*, 2015 IL App (1st) 131359, ¶ 28.

¶ 10    In *Roper v. Simmons*, 543 U.S. 551, 574-75 (2005), the Supreme Court found that the death penalty was unconstitutional as applied to minors. In *Graham v. Florida*, 560 U.S. 48 (2010), the Supreme Court held that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." *Id*. at 82. Then, in *Miller v. Alabama*, 567 U.S. 460, 479 (2012), the Supreme Court concluded that the eighth amendment "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders" convicted of homicide. In each case, the Supreme Court relied in part on the lesser moral culpability and greater rehabilitative potential of minors in support of its decisions, and "it is clear the United States Supreme Court in *Roper*, *Graham*, and *Miller* has provided juveniles with more constitutional protection than adults." *People v. Pacheco*, 2013 IL App (4th) 110409, ¶ 68.

¶ 11    However, *Miller* itself did not impose an outright ban on the imposition of a life sentence upon a juvenile convicted of homicide, let alone a ban on lengthy term-of-years sentences imposed upon juveniles. See, *Miller*, 567 U.S. 479-80 (refusing to completely foreclose the possibility that a life sentence could be constitutionally imposed upon a juvenile convicted of homicide). Rather,

the Supreme Court held only that such a sentence could not be *mandated*, and that before a life sentence could be properly imposed, "mitigating circumstances" such as "an offender's youth and attendant characteristics" must be considered. *Id*. at 483, 489.

¶ 12    The Illinois Supreme Court has ruled that *Miller* applies to discretionary, as well as mandatory life sentences (*People v. Holman*, 2017 IL 120655, ¶ 40), and also to *de facto* life sentences, or sentences "that cannot be served in one lifetime" and have "the same practical effect on a juvenile defendant's life as would an actual mandatory sentence of life without parole" (*People v. Reyes*, 2016 IL 119271, ¶¶ 9-10). More recently, our supreme court concluded that any sentence exceeding 40 years is a *de facto* life sentence, requiring the sentencing court to consider "[the] defendant's youth and its attendant circumstances." *People v. Buffer*, 2019 IL 122327, ¶¶ 41-42.

¶ 13    Thus, while a juvenile offender may be sentenced to a natural life or *de facto* sentence of life imprisonment, before doing so the trial court must:

> "[D]etermine[ ] that the defendant's conduct showed irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation. The court may make that decision only after considering the defendant's youth and its attendant characteristics. Those characteristics include, but are not limited to, the following factors: (1) the juvenile defendant's chronological age at the time of the offense and any evidence of his particular immaturity, impetuosity, and failure to appreciate risks and consequences; (2) the juvenile defendant's family and home environment; (3) the juvenile defendant's degree of participation in the homicide and any evidence of familial or peer pressures that may have affected him; (4) the juvenile defendant's incompetence, including his inability to deal with police officers or prosecutors and his incapacity to assist his own

attorneys; and (5) the juvenile defendant's prospects for rehabilitation." *Holman*, 2017 IL 120655, ¶ 46.

¶ 14 Obviously, a number of these decisions involved analysis of the protections provided by the eighth amendment, while here we address defendant's as-applied challenge brought pursuant to the proportionate penalties clause of the Illinois Constitution. However, as our supreme court has indicated, the proportionate penalties clause provides "a limitation on penalties beyond those afforded by the eighth amendment." *People v. Gipson*, 2015 IL App (1st) 122451, ¶ 69.

¶ 15 Furthermore, defendant—aged 18 at the time of the crimes to which he plead guilty—was not a "juvenile" offender. "Because defendant was an adult, *Miller* [and its progeny] does not apply directly to his circumstances." *People v. Harris*, 2018 IL 121932, ¶ 45.

¶ 16 Nevertheless, our supreme court specifically considered *Miller's* applicability to a young adult defendant in both *People v. Thompson*, 2015 IL 118151, and *Harris*, 2018 IL 121932. It is true that, in neither case did our supreme court expressly accept the premise that the protections provided to juvenile offenders by *Miller* and its progeny should be extended to young adult offenders; however, the court did not explicitly reject that assertion either. Moreover, in both cases our supreme very explicitly *did* indicate that a postconviction proceeding would be an appropriate venue to address that very issue. *Thompson*, 2015 IL 118151, ¶ 44; *Harris*, 2018 IL 121932, ¶ 48.

¶ 17 More recently, another panel of this court concluded that a postconviction petition was improperly dismissed at the first stage, and explicitly concluded that a mandatory natural life sentence violated the proportionate penalties clause as applied to a defendant who was 19-years-old at the time he committed murder, pursuant to *Miller* and its progeny. *People v. House*, 2019 IL App (1st) 110580-B, ¶ 65, *appeal allowed,* 140 N.E. 3d 231 (Ill. 2020).

¶ 18    We find that the allegations underlying defendant's as-applied proportionate penalties claim was sufficient under *Thompson*, *Harris*, and *House* to avoid summary dismissal at the first-stage for being frivolous or patently without merit. Considering these three decisions, the factual allegations contained in the petition and the record before us, we find that defendant's as-applied challenge was not based upon an indisputably meritless legal theory or fanciful factual allegations. As defendant notes on appeal, the record reflects that defendant did not finish high school, was the father of two young children, and had a great deal of family support, with his family paying for private counsel to represent him. Defendant contends that this evidence could support a finding of his greater rehabilitative potential. Defendant also asserts on appeal that actions for which he was convicted "support an arguable claim because they reflect the precise hallmarks of transient, youthful recklessness and lack of impulse control that *Miller* requires trial courts to consider as mitigation at sentencing and therefore should have been considered as mitigation at Hayes' sentencing hearing."

¶ 19    Moreover, while the record indicates that the trial court was presented with and did consider defendant's youth and some of the attendant characteristics outlined above in originally sentencing defendant (*supra*, ¶ 13), we reject the State's argument to the contrary and conclude that the record does not reflect that the trial court considered all those characteristics. Nor did the trial court explicitly determine from its consideration of those characteristics and the evidence before it that the defendant's conduct showed irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation.

¶ 20    We also acknowledge that on appeal the State raised several other merit-based arguments against such a conclusion. First, the State asserts that defendant cannot rely upon the *Thompson*, *Harris*, and *House* decisions, where they involved adult offenders sentenced to mandatory life

sentences while here defendant was sentenced to a discretionary sentence. Second, the State contends that defendant was not actually sentenced to a *de facto* life sentence, as he acknowledges that he will be eligible for parole in as few as 40 years. Third, the State faults defendant for failing to support his petition with adequate factual and legal allegations in support of his arguments.

¶ 21     In response, we initially reiterate that our supreme court has determined that that *Miller*-based protections apply to discretionary, as well as mandatory life sentences, and also to *de facto* life sentences, which it has defined as any sentence exceeding 40 years. *Supra* ¶ 12. Moreover, we find these arguments to be "more appropriate to the second stage of postconviction proceedings, where both parties are represented by counsel, and where the petitioner's burden is to make a substantial showing of a constitutional violation." *Tate*, 2012 IL 112214, ¶ 22.

¶ 22     In reaching this conclusion we note that the first stage in the proceeding allows the trial court " 'to act strictly in an administrative capacity by screening out those petitions which are without legal substance or are obviously without merit.' [Citation.] Because most petitions are drafted at this stage by defendants with little legal knowledge or training, this court views the threshold for survival as low." *People v. Tate*, 2012 IL 112214, ¶ 9. It is sufficient that defendant presents an argument that has an "arguable" basis in law and fact. *Hodges*, 234 Ill. 2d at 11-12.

¶ 23     Finally, we note that our finding in no way expresses an opinion on the ultimate merits of the assertions contained in defendant's postconviction petition, or on whether defendant will ultimately prevail on his postconviction claims. See *Hodges*, 234 Ill. 2d at 22.

¶ 24     For the foregoing reasons, we reverse the dismissal of defendant's postconviction petition and remand for second-stage proceedings.

¶ 25     Reversed and remanded.