2024 IL App (1st) 230878-U
Order filed: June 27, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-23-0878

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 97 CR 10247 |
| | ) | |
| RONALD HAYES, | ) | Honorable |
| | ) | Tyria Walton, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirmed the second-stage dismissal of defendant's postconviction petition, finding that his counsel provided him with reasonable assistance.

¶ 2    Defendant, Ronald Hayes, appeals the second-stage dismissal of his postconviction petition, arguing that his postconviction counsel provided unreasonable assistance. He asks us to reverse the dismissal order and remand for further second-stage proceedings with new counsel. We affirm.

¶ 3    A jury convicted defendant of murder, attempted murder, armed robbery, aggravated vehicular hijacking, and aggravated battery with a firearm. Defendant committed those offenses when he was 18 years old. Following a sentencing hearing, the court merged some of the convictions and sentenced defendant to 60 years' imprisonment for murder, a consecutive sentence of 20 years' imprisonment for attempted murder, and a concurrent sentence of 15 years' imprisonment for armed robbery, for a total aggregate sentence of 80 years' imprisonment.

¶ 4    On direct appeal, we affirmed defendant's convictions and sentences. *People v. Hayes*, 319 Ill. App. 3d 810 (2001).

¶ 5    Defendant subsequently filed a *pro se* pleading labeled "petition for leave to file a successive post conviction petition." Despite its label, defendant's pleading was his initial postconviction petition. The circuit court treated it as such.

¶ 6    In his postconviction petition, defendant essentially argued that his sentence violated the proportionate penalties clause of the Illinois Constitution as applied to him under *Miller v. Alabama*, 567 U.S. 460 (2012) and its progeny. We proceed to give a brief overview of the *Miller* line of cases, as such an overview is necessary to understand defendant's proportionate penalties argument.

¶ 7    In *Miller*, the United States Supreme Court held that the eighth amendment forbids a sentencing scheme mandating life imprisonment without possibility of parole for juvenile offenders convicted of homicide. *Id.* at 479. Before imposing a life sentence on a juvenile, the sentencing court must consider his youth and attendant characteristics. *Id.* at 483, 489. Such attendant characteristics include his age at the time of the offense and any evidence of immaturity, impetuosity and failure to appreciate risks and consequences; his family and home environment; his degree of participation in the offense and any evidence of familial or peer pressures that may

-2-

have affected him; his ability to assist in his defense; and his prospects for rehabilitation. *Id.* at 477-78.

¶ 8    Our supreme court has extended *Miller* to bar lengthy prison terms for juveniles that amount to the functional equivalent of life in prison without parole, termed *de facto* life. *People v. Reyes*, 2016 IL 119271, ¶¶ 9-10. Any sentence exceeding 40 years is a *de facto* life sentence. *People v. Buffer*, 2019 IL 122327, ¶¶ 41-42.

¶ 9    In *People v. Holman*, 2017 IL 120655, the Illinois Supreme Court held that *Miller* applies to discretionary as well as mandatory life sentences and that a juvenile defendant may be sentenced to life imprisonment under a discretionary sentencing scheme only if the trial court finds that his conduct showed irretrievable depravity, permanent incorrigibility, or irreparable corruption. *Id.* ¶¶ 40, 46. However, in *People v. Wilson*, 2023 IL 127666, the Illinois Supreme Court overruled *Holman*'s conclusions that under *Miller*, the trial court is required to make a separate finding of permanent incorrigibility before sentencing a juvenile to a discretionary life sentence. *Id.* ¶¶ 41-42.

¶ 10    In *People v. Harris*, 2018 IL 121932, the Illinois Supreme Court rejected the argument that the eighth amendment protections articulated in *Miller* should apply to young adults between 18 and 21. *Id.* ¶ 58. However, *Harris* left open the possibility for a defendant aged 18 to 21 to make an as-applied challenge under the proportionate penalties clause of the Illinois Constitution. Ill.Const.1970, art. I, § 11. A sentence violates the proportionate penalties clause if it is "cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *People v. Miller*, 202 Ill. 2d 328, 338 (2002).

¶ 11    The *Harris* defendant was convicted of committing first degree murder and other offenses at age 18 and sentenced to a mandatory term of 76 years' imprisonment. *Harris*, 2018 IL 121932,

¶ 1. Harris contended in his proportionate penalties argument that as applied to him, the evolving science on juvenile maturity and brain development highlighted in *Miller* indicated that his lengthy prison sentence shocked the moral sense of the community. *Id.* ¶¶ 36, 46. However, the record on direct appeal contained no evidence as to how the evolving science on juvenile maturity and brain development applied to his specific facts and circumstances. *Id.* ¶ 46. Therefore, the supreme court held that Harris' as-applied challenge under the proportionate penalties clause was premature and that such a claim was more appropriately resolved under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2022)) where the record could be developed. *Harris*, 2018 IL 121932, ¶¶ 46, 48.

¶ 12   In the present case, pursuant to *Harris*, defendant raised his as-applied proportionate penalties claim in his postconviction petition. Defendant argued that he was 18 years old at the time of the offenses and "neuroscience research suggests that the human brain's capacity to govern risk and reward is not fully developed until the age of 25," meaning that he was akin to a juvenile such that the court erred by imposing a *de facto* life sentence on him without taking into account the *Miller* factors. Defendant did not file any supplemental exhibits (such as affidavits, medical reports, or scientific studies) supporting his argument.

¶ 13   The court entered a written order dismissing defendant's postconviction petition at the first stage, finding that his proportionate penalties argument was frivolous and patently without merit because defendant was not a juvenile at the time he committed the offenses and he was not sentenced to a *de facto* life sentence. Defendant appealed the first-stage dismissal of his petition.

¶ 14   On appeal, we noted that the Act provides a remedy to a criminal defendant whose constitutional rights were substantially violated at trial or during sentencing. *People v. Hayes*, 2020 IL App (1st) 172848-U, ¶ 8. At the first stage of a postconviction proceeding, the court

independently reviews defendant's petition, taking the allegations as true, and determines whether it is frivolous or patently without merit, meaning that it has no arguable basis in law or in fact. *People v. Hodges*, 234 Ill. 2d 1, 10-12 (2009). If the petition is not dismissed at the first stage it advances to the second stage, where defendant is entitled to appointed counsel if he is indigent (722 ILCS 5/122-4 (West 2022)) and must make a substantial showing of a deprivation of constitutional rights to avoid dismissal. *People v. Dupree*, 2018 IL 122307, ¶ 28. If such a showing is made, the petition advances to the third stage where the court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2022).

¶ 15    We held that defendant's as-applied challenge under the proportionate penalties clause was not based on an indisputably meritless legal theory or fanciful factual allegations and, as such, that it was not frivolous or patently without merit. *Hayes*, 2020 IL App (1st) 172848-U, ¶ 18. Accordingly, we reversed and remanded for second-stage proceedings. *Id.* ¶ 25. In so holding, we noted the State's argument that defendant's proportionate penalties argument fails because he was not sentenced to a *de facto* life sentence. *Id.* ¶20. We found this argument to be more appropriate for second-stage proceedings, where both parties are represented by counsel and defendant bears the burden of making a substantial showing of a constitutional violation. *Id.* ¶ 21.

¶ 16    On remand, the court appointed postconviction counsel (counsel) for defendant on December 1, 2020. Counsel asked for a continuance to review the sentencing transcript and speak to defendant before filing his Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certification. The cause was continued to May 20, 2021.

¶ 17    On May 20, 2021, counsel informed the court that an assistant State's Attorney had not yet been assigned to the case because "they are waiting on a decision in *People v. House*, which was argued in front of the Illinois Supreme Court on May 11." Counsel further explained that *House*

"goes to the applicability of *Miller* to young adults." The court granted a continuance to August 18.

¶ 18    On August 18, 2021, counsel informed the court that the supreme court had not yet decided *House* and he sought a continuance. The court continued the case to October 27.

¶ 19    On October 27, 2021, counsel informed the court that the supreme court had "just ruled in *House.*" *House* involved a 19-year-old petitioner who was convicted of two counts of first degree murder and other offenses and sentenced to a mandatory natural life term. *People v. House*, 2021 IL 125124, ¶ 5. Petitioner subsequently filed a postconviction petition alleging that his mandatory natural life sentence violated the proportionate penalties clause. *Id.* ¶ 8. The circuit court dismissed the petition at the second stage. *Id.* The appellate court vacated petitioner's sentence and remanded for resentencing, finding that the mandatory natural life sentencing statute violated the proportionate penalties clause as applied to him because it preluded consideration of his age, level of culpability, and criminal history. *Id.* ¶ 9. The appellate court concluded that the mandatory natural life sentence shocked the moral sense of the community. *Id.* ¶ 10. The State appealed. *Id.* ¶ 13.

¶ 20    The supreme court remanded for second-stage proceedings, explaining:

"Here, as in *Harris*, petitioner did not provide or cite any evidence relating to how the evolving science on juvenile maturity and brain development applies to his specific facts and circumstances. As a result, no evidentiary hearing was held, and the trial court made no factual findings critical to determining whether the science concerning juvenile maturity and brain development applies equally to young adults, or to petitioner specifically, as he argued in the appellate court. Accordingly, as in *Harris*, the appellate court improperly found that petitioner's sentence violated the proportionate penalties

clause of the Illinois Constitution without a developed evidentiary record on the as-applied constitutional challenge." *Id.* ¶ 29.

¶ 21    As *House* represented the supreme court's latest pronouncement on the proportionate penalties clause's applicability to young adults, counsel's research on the issue in the present case was now complete and he sought a continuance to file his Rule 651(c) certificate. The court granted a continuance to December 9.

¶ 22    On December 8, 2021, counsel filed his Rule 651(c) certificate stating:

"1. I have consulted with the petitioner, Ronald Hayes, by mail and phone to ascertain his contentions of deprivations of constitutional rights;

2. I have obtained and examined the record (report of proceedings and common law record) from his trial, including sentencing; conducted legal research; and reviewed relevant case law related to petitioner's claims.

3. I have not prepared an amended or supplemental petition for post-conviction relief as the petitioner's previously-filed *pro-se* petition for post-conviction relief adequately sets forth the petitioner's claims of deprivation of his constitutional rights."

¶ 23    On January 24, 2022, counsel filed a three-page, handwritten affidavit by defendant. In his affidavit, defendant explained that he was raised by a single mother in a housing project, fathered a child at age 15, and was expelled from school in the ninth grade. With no sense of direction or positive male role models, defendant joined a gang, where "violence [was an] everyday thing." He regularly witnessed people being stabbed, shot, and beaten, which "mess[es] with your mind when you're so young." He was surrounded by "negativity" and grew up faster than he should. He smoked marijuana and drank liquor. Defendant explained:

"I know without a doubt that not having my dad in my life impacted me negatively. It made a bad circumstance even worse and didn't help me develop into the young man I should've become. I went looking for that father figure from guys in my neighborhood but only got the negative lessons. I was lacking a lot of maturity and had ways to go as far as my development into becoming a young man."

¶ 24 On February 27, 2023, the State filed its motion to dismiss the petition. The State argued that defendant's as-applied proportionate penalties claim failed for two reasons; first, because his sentence could be completed in 40 years and thus was not a *de facto* life sentence; and second, because he failed "to present any evidence whether medical, psychological or otherwise as to his immaturity or lack of development which makes such a sentence unconstitutional." The State argued that defendant failed to "tie any of his experiences to show how his brain was more like a juvenile than an adult."

¶ 25 On March 22, 2023, counsel requested a continuance to review the State's motion to dismiss with defendant. The case was continued to May 4, 2023, for a hearing on the motion.

¶ 26 At the hearing, the State noted that defendant was entitled to day-for-day credit against his sentence and will be eligible for release in 40 years, since his offenses occurred before the enactment of the Truth-in-Sentencing statute, which disqualified persons convicted of first degree murder from day-for-day credit and required the prison term to be served in full. See 730 ILCS 5/3-6-3(a)(2)(i) (West 1998). The State cited *People v. Dorsey*, 2021 IL 123010, which held that where day-for-day credit provides a defendant with the opportunity for release in 40 years or less, his sentence is not considered *de facto* life for purposes of proportionate penalties analysis. *Id.* ¶ 64.

¶ 27    Counsel responded, "Judge, you have before you the *pro se* petition my client filed. I would rest on the claims in the petition in response to the State's motion to dismiss."

¶ 28    The court granted the State's motion to dismiss. Defendant now appeals the second-stage dismissal of his petition, contending that his counsel provided ineffective assistance during the postconviction proceedings.

¶ 29    Although every criminal defendant must be afforded effective assistance of counsel under the sixth amendment of the United States Constitution and article one, section eight of the Illinois Constitution (U.S. Const., amend. VI; Ill. Const. 1970, art. 1, § 8), there is no constitutional right to the assistance of counsel in postconviction proceedings. *People v. Addison*, 2023 IL 127119, ¶ 19. A postconviction petitioner is entitled only to the level of assistance granted by the Act, which the supreme court has labeled as a "reasonable" level of assistance. *Id.* The reasonable level of assistance afforded to postconviction petitioners is less than that afforded to defendants from their trial counsel and their counsel on direct appeal. *Id.*; *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 50.

¶ 30    The lesser level of assistance afforded to postconviction petitioners is rational because:

> " [T]rial counsel plays a different role than counsel in post-conviction proceedings. At trial, counsel acts as a shield to protect a defendant from being stripped of the presumption of innocence. Postconviction petitioners, by contrast, have already been stripped of the presumption of innocence and have generally failed to obtain relief on direct review of their convictions. The petitioner, rather than the State, initiates the proceeding by claiming that constitutional violations occurred at his trial. Counsel is appointed not to protect postconviction petitioners from the prosecutorial forces of the State but to shape

their complaints into the proper legal form and to present those complaints to the court. [Internal quotation marks and citations omitted.] *Addison*, 2023 IL 127119, ¶ 19.

¶ 31    To ensure the reasonable level of assistance provided for under the Act, Rule 651(c) requires that the record show that postconviction counsel consulted with defendant to ascertain his allegations of deprivations of constitutional rights, examined the record of the trial proceedings, and made amendments to the *pro se* petition necessary to adequately present his contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Such a showing may be made by the certification of postconviction counsel that he complied with Rule 651(c). *Id.*

¶ 32    Substantial compliance with the rule is sufficient. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. When counsel files a facially valid Rule 651(c) certificate, a rebuttable presumption of reasonable assistance arises. *Addison*, 2023 IL 127119, ¶ 21. Defendant then bears the burden of showing that his postconviction counsel did not substantially comply with the rule. *Id.* We review *de novo* whether postconviction counsel provided reasonable assistance in accordance with Rule 651(c). *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007). In addition, where a postconviction petition is dismissed without an evidentiary hearing, our review is *de novo*. *Id.* at 42.

¶ 33    In the present case, counsel filed a Rule 651(c) certificate, creating a rebuttable presumption that he provided reasonable assistance for purposes of postconviction proceedings and shifting the burden to defendant to show that counsel did not substantially comply with the rule. The record further demonstrates that counsel substantially complied with Rule 651(c) by researching defendant's proportionate penalties claim and examining the transcript of the sentencing hearing. Counsel also reviewed the State's motion to dismiss with defendant and supplemented defendant's petition with his affidavit detailing how his own specific characteristics were similar to those of a juvenile, such that imposition of the 80-year sentence in the absence of

the *Miller* safeguards shocked the moral sense of the community. On this record, counsel provided defendant with the reasonable level of postconviction assistance afforded him under the Act.

¶ 34 Defendant argues, though, that counsel provided unreasonable assistance because he did not file an amended petition "bolstering" defendant's factual allegations, nor did he supplement defendant's petition with scientific articles discussing brain development or hire an expert to explain why defendant's brain was more akin to a juvenile's. Defendant also complains that counsel failed to relabel his pleading as the initial petition instead of as a petition for leave to file a successive petition. Defendant contends that counsel thereby failed to comply with even the lesser level of postconviction assistance afforded to him under the Act, by failing to sufficiently present his contention that his 80-year sentence violated the proportionate penalties clause as applied to him.

¶ 35 We disagree. To support defendant's contention, counsel was required to provide a factual record showing how defendant's specific characteristics, those related to his youth, level of maturity, and brain development, placed him in the same category as juvenile offenders described in *Miller*. See *Daniels*, 2020 IL App (1st) 171738, ¶ 25; *People v. Cortez*, 2021 IL App (4th) 190158, ¶ 47. Counsel here provided such a factual record by filing defendant's affidavit detailing how his violent, gang-influenced upbringing hampered his maturation and emotional development, rendering his brain more like that of a juvenile than an adult. We conclude that defendant was afforded the reasonable level of assistance provided for under the Act, where counsel consulted with defendant, examined the trial record, and filed an affidavit from defendant tying his *Miller*-based proportionate penalties argument to the particular facts and circumstances surrounding his brain development. Counsel's failure to further supplement the petition with scientific articles or expert testimony did not render his performance unreasonable under the Act. See *People v. Custer*,

2019 IL 123339, ¶ 38 (reasonable assistance under the Act does not include "bolstering every claim presented in a petitioner's *pro se* postconviction petition, regardless of its legal merit, or presenting each and every witness or shred of evidence the petitioner believes could potentially support his position."). Further, defendant's mislabeling of his *pro se* petition as a petition for leave to file a successive petition effectively amounted to a minor scrivener's error, which had no impact on the adequacy of his claims. Counsel's failure to amend the title of the petition did not amount to unreasonable assistance under the Act, as it had no bearing on defendant's ability to adequately present his contentions.

¶ 36    Defendant also argues that his counsel provided unreasonable assistance by failing to file a written response to the State's motion to dismiss and making no argument at the hearing, instead stating that he would be standing on defendant's petition. Defendant's contention that counsel at least should have filed a response to the State's dismissal motion and argued orally in response to the motion might have some merit if he was criticizing counsel's performance at trial, where the *Strickland v. Washington*, 466 U.S. 668 (1984) standard would control the ineffective assistance of counsel analysis. Here, though, defendant is criticizing counsel's performance during postconviction proceedings. As we discussed earlier in this order, the Act affords defendant a "reasonable" level of assistance, which is a lesser level of assistance than that afforded to defendants at trial or on direct appeal. See *Addison*, 2023 IL 127119, ¶ 19. Counsel here reviewed defendant's allegation of constitutional error with him, examined the trial record and researched the issue, and filed defendant's affidavit developing the specific facts and circumstances of how his brain was akin to a juvenile's for purposes of a *Miller*-based proportionate penalties claim. As such, counsel complied with the dictates of Rule 651(c) and provided defendant with a reasonable level of assistance under the Act, even in the absence of a written response to the State's dismissal

motion or the lack of any oral argument at the hearing. See *People v. Conway*, 2023 IL App (3d) 210334-U, ¶ 18, which we cite as persuasive authority under Illinois Supreme Court Rule 23(e) (eff. Feb. 1, 2023) (holding that counsel's failure to file a written response to the State's motion to dismiss did not constitute unreasonable assistance under the Act, where he otherwise investigated and presented the claims in defendant's *pro se* petition).

¶ 37 We note the State's argument that defendant's proportionate penalties claim was nonmeritorious because his day-for-day credit provided him the opportunity for release in 40 years, meaning his sentence is not *de facto* life as required for a *Miller*-based proportionate penalties claim. *Dorsey*, 2021 IL 123010, ¶ 64. Defendant counters that where counsel has failed to provide reasonable assistance by fulfilling the duties of Rule 651(c), remand is required regardless of whether the underlying claims raised in the petition have merit. See *Saurez*, 224 Ill. 2d at 47. Here, counsel fulfilled the duties of Rule 651(c) and provided defendant reasonable assistance under the Act; therefore, we affirm the second-stage dismissal order without reaching the issue of whether or not the proportionate penalties claim was or was not meritorious.

¶ 38 For all the foregoing reasons, we affirm the circuit court.

¶ 39 Affirmed.